**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6100**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TROY V. CLEVELAND,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, Senior District Judge.   (1:93-cr-00402-CMH-3)

Submitted:  June 5, 2008              Decided:  June 13, 2008

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Troy V. Cleveland, Appellant Pro Se.  Laura P. Tayman, Assistant United States Attorney, Norfolk, Virginia, James L. Trump, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Cleveland seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b)(6). Because Cleveland's motion did not directly attack his conviction or sentence, but rather asserted a defect in the collateral review process itself, it constituted a true Rule 60(b) motion under United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).* To appeal an order denying a Rule 60(b) motion in a habeas action, Cleveland must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or

---

*Cleveland claims there existed a defect in the collateral review process with respect to the finding that his 28 U.S.C. § 2255 (2000) motion was untimely. We previously upheld the district court's untimeliness finding, denying a certificate of appealability and dismissing Cleveland's appeal from the denial of his § 2255 motion. See United States v. Cleveland, 13 F. App'x 71 (4th Cir. 2001) (unpublished). Further relitigation of the untimeliness issue is therefore foreclosed under the law of the case doctrine. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating the doctrine "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court").

wrong.  See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

We have independently reviewed the record and conclude that Cleveland has not made the requisite showing for a certificate of appealability.  Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED